# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GENI RUAIGIP,<br><br>            Plaintiff,<br><br>   v.<br><br>ARNOLD SCHWARZENEGGER,<br><br>            Defendant. | CASE NO. 1:08-cv-01259-GSA PC<br><br>ORDER DISMISSING COMPLAINT AND GRANTING PLAINTIFF LEAVE TO FILE AN AMENDED COMPLAINT<br><br>AMENDED COMPLAINT DUE IN THIRTY DAYS |

Plaintiff Geni Ruaigip is a state prisoner proceeding pro se.  Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c)(1).

This action was initiated by receipt of Plaintiff's motion for a three-judge court, the issuance of a prisoner release order, and joinder in the *Coleman/Plata/Armstrong* cases.[1]  Plaintiff included a verification describing this action as a petition for writ of habeas corpus, but cited to 18 U.S.C. § 3626 as authority for his motions.  Because this action arose from Plaintiff's conditions of confinement at Avenal State Prison, this action was designated upon opening as one seeking relief pursuant to 42 U.S.C. § 1983.

18 U.S.C. § 3626 of the Prison Litigation Reform Act governs remedies with respect to prison conditions.  One form of relief is a prisoner release order, which must be entered by a three-judge court.  18 U.S.C. § 3626(a)(3).  A prisoner release order may not be issued unless "a court has previously entered an order for less intrusive relief that has failed to remedy the deprivation of the Federal right sought to be remedied through the prisoner release order," and "the defendant has had

---

[1] Plaintiff first filed suit in the Northern District of California using the same motion, but the action, case number 3:08-cv-02538-VRW, was dismissed on May 28, 2008, and Plaintiff was notified that he must file suit in this district, where the events at issue arose.

a reasonable amount of time to comply with the previous court orders." 18 U.S.C. § 3626(a)(3)(A).

Section 3626 governs remedies available in a civil action. It does not provide an independent basis for initiation of suit. Accordingly, on June 14, 2010, Plaintiff's motions for a three-judge court and a release order, filed pursuant to section 3626, were denied.

In the June 14, 2010, order, Plaintiff was advised that any request for relief made pursuant to orders and/or consent decrees in the *Coleman*, *Plata*, and/or *Armstrong* cases must be presented through class counsel to the court presiding over the case. Plaintiff was specifically cautioned that he may not use this suit as a means to interject himself into proceedings in other cases.

Plaintiff was provided with the option to continue with this suit as one filed pursuant to section 1983, which "creates a cause of action for violations of the federal Constitution and laws." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted). Plaintiff was provided a thirty-day period to voluntarily dismiss this action if he did not wish to proceed. Plaintiff was advised that if he did not respond to this order, this action would proceed pursuant to section 1983. Plaintiff failed to respond to the order of June 14, 2010. The Court will therefore construe this action as a civil rights action pursuant to 42 U.S.C. § 1983.

## I.     Screening Requirement

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a).

1    "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the

2    grounds upon which it rests." <u>Swierkiewicz</u>, 534 U.S. at 512.  However, "the liberal pleading

3    standard . . . applies only to a plaintiff's factual allegations." <u>Neitze v. Williams</u>, 490 U.S. 319, 330

4    n.9 (1989).  "[A] liberal interpretation of a civil rights complaint may not supply essential elements

5    of the claim that were not initially pled." <u>Bruns v. Nat'l Credit Union Admin.</u>, 122 F.3d 1251, 1257

6    (9th Cir. 1997) (quoting <u>Ivey v. Bd. of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982)).

7    **II.    <u>Plaintiff's Claims</u>**

8         Plaintiff is an inmate in the custody of the California Department of Corrections and

9    Rehabilitation (CDCR) at Avenal State Prison.  Plaintiff does not name or identify any individual

10   defendants.  Plaintiff sets forth allegations that the conditions at Avenal State Prison constitute cruel

11   and unusual punishment in violation of the Eighth Amendment.  Plaintiff specifically alleges that

12   as a result of prison overcrowding, he is "unnecessarily exposed to harmful, infectious,

13   communicable diseases, unsanitary conditions, below minimum standards of medical, dental, and

14   mental health treatment, plus living conditions which present a danger to movant's personal safety

15   due to increasing prisoner violence against other prisoners due to rising tensions caused by the

16   severity of prison overcrowding."  (Compl. 1:26-2:4.)

17        To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under

18   color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal

19   law.  <u>Long v. County of Los Angeles</u>, 442 F.3d 1178, 1185 (9th Cir. 2006).  "A person deprives

20   another of a constitutional right, where that person 'does an affirmative act, participates in another's

21   affirmative acts, or omits to perform an act which [that person] is legally required to do that causes

22   the deprivation of which complaint is made.'" <u>Hydrick v. Hunter</u>, 500 F.3d 978, 988 (9th Cir. 2007)

23   (quoting <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978)).  "[T]he 'requisite causal connection

24   can be established not only by some kind of direct, personal participation in the deprivation, but also

25   by setting in motion a series of acts by others which the actor knows or reasonably should know

26   would cause others to inflict the constitutional injury.'" <u>Id.</u> (quoting <u>Johnson</u> at 743-44).

27        Under <u>Foster v. Runnels</u>, 554 F.3d 807 (9th Cir. 2009), an inmate seeking to prove an Eighth

28   Amendment violation must "objectively show that he was deprived of something 'sufficiently

serious,' and "make a subjective showing that the deprivation occurred with deliberate indifference to the inmate's health or safety." Id. at 812 (quoting Farmer v. Brennan, 511 U.S. 825, 834 (1994)). The second step, showing "deliberate indifference," involves a two part inquiry.  First, the inmate must show that the prison officials were aware of a "substantial risk of serious harm" to an inmate's health or safety.  Farmer, 511 U.S. at 837.  This part of our inquiry may be satisfied if the inmate shows that the risk posed by the deprivation is obvious.  See id. at 842. ("[A] factfinder may conclude that a prison official knew of a substantial risk [to a prisoner's health] from the very fact that the risk was obvious.") Second, the inmate must show that the prison officials had no "reasonable" justification for the deprivation, in spite of that risk.  See id. at 844. ('[P]rison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably.")

In order to state a claim upon which relief could be granted, Plaintiff must allege facts indicating that a named individual defendant or defendants knew of a sufficiently serious risk, and acted with deliberate indifference to that risk, resulting in injury to Plaintiff.  Plaintiff must identify individual defendants in order for the Court to direct service of process.  Here, Plaintiff fails to name any individuals employed by the CDCR at Avenal State Prison.  Plaintiff must identify each individual defendant and charge that defendant with conduct indicating that they were deliberately indifferent to a serious risk to Plaintiff's health or safety,  resulting in injury to Plaintiff.  Plaintiff has failed to do so.  The complaint must therefore be dismissed.

**III.    Conclusion and Order**

The Court has screened plaintiff's complaint and finds that it does not state any claims upon which relief may be granted under section 1983.  The Court will provide plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff is cautioned that he may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  George, 507 F.3d at 607 (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights,

4

1   Hydrick, 500 F.3d at 987-88.   Although accepted as true, the "[f]actual allegations must be

2   [sufficient] to raise a right to relief above the speculative level . . . ."   Bell Atlantic Corp. v.

3   Twombly, 127 S.Ct. 1955, 1965 (2007) (citations omitted).

4           Finally, plaintiff is advised that an amended complaint supercedes the original complaint,

5   Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567

6   (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded

7   pleading," Local Rule 220.   Plaintiff is warned that "[a]ll causes of action alleged in an original

8   complaint which are not alleged in an amended complaint are waived."   King, 814 F.2d at 567 (citing

9   to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at

10  1474.

11          Accordingly, based on the foregoing, it is HEREBY ORDERED that:

12      1.      Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;

13      2.      The Clerk's Office shall send to plaintiff a complaint form;

14      3.      Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an

15              amended complaint;

16      4.      Plaintiff may not add any new, unrelated claims to this action via his amended

17              complaint and any attempt to do so will result in an order striking the amended

18              complaint; and

19      5.      If Plaintiff fails to file an amended complaint, the Court will dismiss this action, with

20              prejudice, for failure to state a claim upon which relief may be granted.

21

22  .

23      IT IS SO ORDERED.

24   **Dated:   July 27, 2010**          _____/s/ **Gary S. Austin**_____
                                         UNITED STATES MAGISTRATE JUDGE

25

26

27

28

                                         5